**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Zho Inc.<br><br>Plaintiff,<br><br>v.<br><br>The Partnerships and Unincorporated Associations Identified on Schedule A,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 26-cv- 2380<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DESIGN PATENT INFRINGEMENT**

Plaintiff Zho Inc

the Partnerships and Unincorporated Associations identified on Schedule A (collectively,

**NATURE OF THE ACTION**

1. This is an action for infringement of United States Design Patent No. US D957,284

2. Defendants operate online storefronts on the Amazon.com, Temu.com, Shein.com, and Walmart.com marketplaces. Through those storefronts, Defendants offer for sale, sell, and import into the United States heart-shaped pendants featuring an interlocking loop top and customizable interior design motifs (such as unicorns, mermaids, ballet dancers, initials, or cross

Products are substantially similar if not virtually identical to the patented design protected under

3.

information, and accused listings are identified in Schedule A, which Plaintiff is submitting under seal subject to leave of Court and which is incorporated herein by reference.

4. Plaintiff seeks injunctive relief, damages adequate to compensate for the

such other relief as the Court deems just.

**THE PARTIES**

5. Plaintiff Zho Inc. is a corporation incorporated in Delaware with a principal place of business at 8 The Green, Suite A, Dover, DE 19901-3618.

6.

284 Patent, including the right to sue for and recover for past, present, and future infringement.

7. Defendants are individuals, partnerships, unincorporated associations, and/or business entities of unknown makeup who own or operate the Amazon.com, Temu.com, Shein.com, and Walmart.com storefronts identified on Schedule A. Defendants conduct business under storefront names that may differ from the legal names of the individuals or business entities operating those storefronts. The seller or store profiles may disclose storefront names and, in some instances, business names; however, such information does not necessarily reveal the true identities of the individuals or legal entities operating the storefronts.

8. On information and belief, e-commerce retail platforms such as those used by Defendants do not adequately verify the identities and addresses of new sellers, thus allowing infringers to use false names and addresses when registering with these platforms and to open multiple Seller IDs in attempts to avoid detection. Consistent with this, the seller or store profiles

preserved for certain Defendants display storefront names and addresses located in mainland China or Hong Kong, while the profiles of other Defendants do not disclose a verifiable address. On information and belief, Defendants operate their respective online storefronts from locations outside the United States, and their true identities and locations cannot be readily ascertained from the information publicly available on the relevant e-commerce platforms.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

10. This Court has personal jurisdiction over each Defendant because, among other things, each Defendant has minimum contacts with this forum as a result of business regularly conducted within the Commonwealth of Pennsylvania and within this District. Each Defendant operates an interactive storefront through which it offers the Accused Products to consumers in Pennsylvania, including in this District. Each Defendant accepted an order for an Accused Product

-arm statute extends jurisdiction to the fullest extent permitted by the United States Constitution. 42 Pa. Cons. Stat. § 5322. Exercise of jurisdiction comports with the traditional notions of fair play and substantial justice.

11. In the alternative, to the extent any Defendant is not subject to the jurisdiction of the courts of general jurisdiction of any State, this Court has personal jurisdiction over that Defendant under Federal Rule of Civil Procedure 4(k)(2), because Plaintiff

federal law and the exercise of jurisdiction is consistent with the United States Constitution and laws

United States. Exercising jurisdiction on that basis is consistent with the United States Constitution and laws.

12. Venue is proper in this District under 28 U.S.C. § 1391(c)(3) because, on information and belief, each Defendant is not a resident of the United States and therefore may be sued in any judicial district. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial

the Accused Products for delivery to Pittsburgh, Pennsylvania, occurred in this District.

**JOINDER**

13. Joinder of Defendants is proper under Federal Rule of Civil Procedure 20(a)(2) and 35 U.S.C. § 299(a). Plaintiff does not rely solely on the allegation that each Defendant independently

nt to establish proper joinder under 35 U.S.C. § 299(b). Rather, joinder is proper because (1) the Accused Products are the same

s against Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, supported by specific factual connections among Defendants, including common sourcing, manufacturing, suppliers, distribution channels, or other evidence of coordination. See *Aquapaw Brands LLC v. Pusifica*, No. 23-cv-538, slip op. at 6 7 (W.D. Pa. Aug. 12, 2025) (addressing joinder under 35 U.S.C. § 299 and the requirement that claims against accused infringers relate to the same accused product or process and arise from the same transaction, occurrence, or series of transactions or occurrences).

14. The Accused Products exhibit recurring similarities in their overall heart-shaped ornamental configurations. Beyond these similarities in overall appearance, multiple Accused Products also share distinctive unclaimed product features including gemstone settings along the

perimeter of the heart-shaped pendants, distinctive decorative arrangements, particular chain configurations, customized inscriptions or engraved wording, decorative interior motifs or charms, including unicorns, mermaids, ballet dancers, personalized initials, gemstone, and cross symbols. Although the specific interior motifs vary among the Accused Products, they exhibit consistent pendant configurations, decorative arrangements, and design details beyond those depicted in the asserted patent drawings. These products are sold under different brand names, or without any brand designation, through separately registered storefronts. On information and belief, the combination of these shared, unclaimed product characteristics supports an inference that the Accused Products originate from a common manufacturing source or a common set of manufacturing tooling.

15. Certain Defendants operate online storefronts using identical or adjacent business addresses. For example, two Amazon storefronts, [redacted] and [redacted], associated with seller IDs [redacted] and [redacted], respectively, list nearly identical business addresses: [redacted]. Similarly, two other Amazon storefronts, [redacted] and [redacted], associated with seller IDs [redacted] and [redacted], respectively, list nearly identical addresses: [redacted].

16. Certain Defendants also use identical product images across different storefronts, displaying products with matching ornamental features. For example, the product images used by the Temu storefronts [redacted], [redacted], and [redacted] depict heart-shaped frame, an integrated unicorn motif embellished with multi-colored gemstone along the mane, a suspended capital letter charm in the center, and a delicate fine chain.

17. Similar patterns appear on Shein. For example, the product images used by the two Shein storefronts, [redacted] and [redacted], depict jewelry featuring blue heart-shaped stones set within heart-shaped frames, exhibiting substantially similar ornamental configurations.

18. Moreover, multiple Defendants operating storefronts on different online marketplaces offer products bearing identical custom inscriptions and substantially similar ornamental elements and physical configurations. For example, two Amazon storefronts, [redacted]

cross ornaments, and double-heart frames. Similarly, the Temu storefronts [redacted] and [redacted]

19. Additionally, each Defendant offered the Accused Products during overlapping periods through Amazon.com, Temu.com, Shein.com or Walmart.com, targeting the same consumer market. Each Defendant also accepted an order for delivery into this District within the same three-day period. These overlapping sales activities, considered together with the foregoing similarities in business addresses, product images, inscriptions, and ornamental configurations, demonstrate meaningful factual connections among Defendants beyond their alleged infringement of the same patent.

20.

complicated by the nature of online marketplace operations. Sellers engaged in infringing activities frequently use anonymous or pseudonymous storefront names, fictitious or incomplete business addresses, and other means to conceal their actual operators, owners, and locations. This is particularly true of storefronts operating on platforms such as Shein and Temu, where publicly available seller information is often insufficient to identify the individuals or entities actually operating the storefronts or to ascertain their true business addresses. Accordingly, before obtaining

discovery from the relevant platforms and sellers, Plaintiff cannot reasonably determine the true identities, ownership, or physical locations of certain Defendants, including their actual business addresses.

21.

form part of a common series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product. The foregoing facts

from sufficiently connected commercial activities to support joinder under 35 U.S.C. § 299(a).

22. Furthermore, the Accused Products share extensive commercial and logistical commonalities that further bind the defendants together. They feature uniform sizing and necklace dimensions such as standard "18" + 2"" or "16" + 2"" lengths equipped with strong clasps and adjustable features as well as consistent colorway concentrations in silver, gold, and pink that

bespoke, personalized significance, where customizable features (such as specific initial engravings) and auspicious symbols serve shared commercial purposes.

23. Plaintiff has also observed that certain storefronts operating on different online marketplaces use identical or substantially similar business names. For example, the storefront [redacted] on Amazon and [redacted] on Walmart share the distinctive name [redacted] This cross-platform naming similarity provides additional circumstantial evidence supporting a reasonable inference of potential common ownership, control, or commercial operations among certain Defendants.

24. Questions of fact common to all Defendants will arise in this action, including, inter alia, the identity and configuration of the Accused Products, the source and development of the

284 Patent, the content of the prior art against which the ordinary observer is charged, and the ordinary-observer

25. The seller or store profiles maintained by the relevant e-commerce platforms further reveal geographic connections among certain Defendants. Specifically, multiple Defendants identify business or storefront addresses located in the same cities or districts, including Yiwu and Guangzhou, China. According to the map, the disclosed addresses are located in close proximity to one another, including within the same commercial areas. The limited information currently available to Plaintiff reveals geographic connections among certain Defendants. Together with the similarities among their accused products, these connections support a reasonable inference that Defendants share common business operations, suppliers, or other commercial relationships. On information and belief, these relationships extend to all Defendants.

26. To the extent discovery shows that a particular Defendant is not connected to the common source alleged above, Federal Rule of Civil Procedure 21 provides a targeted remedy of severance as to that Defendant, and Plaintiff will not oppose severance under such circumstances.

## FACTUAL BACKGROUND

### A. The 284 Patent

27. Plaintiff is engaged in the business of manufacturing, distributing, and retailing consumer products throughout the world, including within the Western District of Pennsylvania

28. The Asserted Patent has never been assigned or licensed to any of the Defendants in this matter.

29. 284

y 12, 2022.

30.

consumer, including consumers in the United States, is Amazon.

31.

the claimed ornamental design consists of the particular double-heart pendant configuration, including the heart-shaped pendant structure and the interlocking loop at the top of the pendant, as depicted in solid lines. The claimed ornamental design is depicted in Figures 1

Patent. The portions shown in broken lines form no part of the claimed design.

32. Plaintiff manufactures and sells heart-shaped pendants featuring an interlocking loop top and customizable interior design motifs, and competes for the same online customers to whom Defendants offer the Accused Products. Although such interior motifs are not themselves

images, distinctive inscriptions, and other non-patented product details, may provide additional evidence of common product sourcing or other factual connections among Defendants.

**B.** D e f e n d a n t s ô e I n f r i n g i n g e C o n d u c t

33. Between October 26 and November 3, 2026

each Defendant, the Amazon.com, Temu.com, Shein.com or Walmart.com listing for the Accused

Accused Products on the four marketplaces from the Defendants as sellers, for delivery to Pittsburgh, Pennsylvania 15203.

34.

heart-shaped pendants featuring an interlocking loop top and customizable interior design motifs (such as unicorns, mermaids, ballet dancers, initials or cross symbols).

35. Defendants are not licensed or otherwise authorized by Plaintiff to make, use, offer

Patent or any colorable imitation of it.

36. The Accused Products feature heart-shaped pendant configurations that

Specifically, these configurations include heart-shaped pendants featuring an interlocking loop top and customizable interior design motifs, as well as gemstone settings along the perimeter of the heart-shaped pendants. In the eyes of an ordinary observer familiar with the prior art, giving such attention as a purchaser usually gives, the overall appearance of the Accused Products is substantially the same as the design claimed in

ce is likely to deceive the observer into purchasing an Accused Product believing it to be the patented design.

37. To facilitate comparison, the images below reproduce, together in this paragraph,

embodying the patented design, and selected Accused Products as depicted in the corresponding product listings. These examples are provided for illustrative purposes only and do not limit the scope of the claimed design.

| | | | |
|---|---|---|---|
| | Front, right and top perspective view (Figure 1) | Front elevation view (Figure 3) | Right side elevation view (Figure 6) |

| | | | |
|---|---|---|---|
| Patent | [redacted] | [redacted] | [redacted] |

| | | | | |
|---|---|---|---|---|
| Products | [redacted] | [redacted] | [redacted] | [redacted] |

| | | | | |
|---|---|---|---|---|
| Amazon Store Name | [redacted] | [redacted] | [redacted] | [redacted] |
| Accused Product Image | [redacted] | [redacted] | [redacted] | [redacted] |

| | | | | |
|---|---|---|---|---|
| Temu Store Name | [redacted] | [redacted] | [redacted] | [redacted] |
| Accused Product Image | [redacted] | [redacted] | [redacted] | [redacted] |

| | | | | |
|---|---|---|---|---|
| Shein Store Name | [redacted] | [redacted] | [redacted] | [redacted] |
| Accused Product Image | [redacted] | [redacted] | [redacted] | [redacted] |

| | | | | |
|---|---|---|---|---|
| Walmart Store Name | [redacted] | [redacted] | [redacted]<br>[redacted] | [redacted]<br>[redacted] |
| Accused Product Image | [redacted] | [redacted] | [redacted] | [redacted] |

**COUNT I**
**INFRINGEMENT OF U.S. DESIGN PATENT NO. D957,284 S**
**(35 U.S.C. § 271)**

38. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

39.

presumed valid under 35 U.S.C. § 282(a).

40. 284 Patent under 35 U.S.C. § 271(a) by, among other things, offering to sell, selling, and/or importing into the United States the Accused Products identified on Schedule A.

41.

Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

42.

sales of the Accused Products under 35 U.S.C. § 289.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants, and grant the following relief:

A. 284 Patent;

B. A temporary restraining order and preliminary and permanent injunctions under 35 U.S.C. § 283 and Federal Rule of Civil Procedure 65 enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active

concert or participation with any of them who receive actual notice of the order, from making, using, offering to sell, selling, or importing into the United States the Accused Products and any product not more than colorably different from them;

C. An order that Defendants preserve, and that persons in active concert or participation with them who receive actual notice of the order preserve, documents, records, and funds relating to the Accused Products;

D.

profit under 35 U.S.C. § 289;

E. A finding that this case is exceptional and an award of reasonable attorney fees under 35 U.S.C. § 285;

F. An award of costs and of pre-judgment and post-judgment interest; and

G. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 4, 2026

Respectfully submitted,

/s/ *Zejian Zhou*
Zejian Zhou, Esq
NY ID 6251045
680 North Lake Shore Drive
Suite 110- 1798, Chicago, IL, 60611
315-278-5618
Zhoumichael20@gmail.com
*Proposed Pro Hac Vice Counsel for Plaintiff*